IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CORY SATTERWHITE | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-67 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cory Satterwhite, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner contests the validity of a prison disciplinary conviction for damaging or destroying state property which he received on October 14, 2020, Disciplinary Report #20210028016. As a result of the disciplinary conviction, Petitioner states he received the following punishment: (1) a loss of 45 days' good conduct time; (2) 45 days' recreation and cell restriction; (3) 60 days' commissary and telephone restriction; (4) damages imposed equal to the cost of the destroyed item; and (5) reclassification to G4/Medium Custody for one year.

Petitioner claims he is innocent of the charge against him, the charging officer falsified the disciplinary report, there was no evidence to support his conviction, he was denied due process, the

disciplinary hearing officer was biased, and the punishment imposed amounts to cruel and unusual punishment.

## Analysis

*Denial of Due Process*

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In *Sandin*, the Supreme Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 477-484. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, [*see, e.g., Hewitt v. Helms*, 459 U.S. 460 (1983)] the Court determined that a reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 481.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, prisoners eligible for release on mandatory supervised release, may have a protected liberty interest in previously-earned good conduct time. *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler,* 211 F.3d 953, 956-58 (5th Cir. 2000). However, being placed in disciplinary confinement, losing commissary and property privileges for thirty days, and remaining at the same time earning class are not sanctions which

impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 481. *See also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied, Luken v. Johnson,* 116 S. Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988).

Further, because a monetary sanction does not affect the fact or duration of confinement, claims challenging this type of a penalty are not actionable on federal habeas review. *See Baloch v. Davis*, No. H-17-0670, 2018 WL 1240430 at *2 (S.D. Tex. Mar. 9, 2018); *Gant v. Dretke*, No. 5:04cv299, 2004 WL 2937223 at *2-3 (N.D. Tex. Dec. 16, 2004). Instead, any claim concerning whether the forfeiture of funds from Petitioner's inmate trust account infringed on a property interest is actionable, if at all, in a lawsuit brought pursuant to 42 U.S.C. § 1983. *See Lacy v. Thaler*, 497 F. App'x 411, 2012 WL 5914261 at *1 (5th Cir. 2012).

Here, Petitioner states he is not eligible for release on mandatory supervision. A review of the Texas Department of Criminal Justice, Correctional Institutions Division reveals Petitioner is currently serving sentences for one count of injury to a child, two counts of aggravated assault, one count of retaliation, and one count of assault - family violence, all from Neuces County, Texas. *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action. Therefore, the punishment imposed in this particular case did not affect the fact or duration of confinement. As a result, due process concerns are not implicated by the punishment imposed, and prison officials were not required to

3

afford Petitioner due process at the disciplinary hearing. Accordingly, Petitioner's claims do not present grounds warranting relief pursuant to federal habeas corpus review. Consequently, to the extent Petitioner may wish to challenge the disciplinary conviction, he must pursue his claims by filing an appropriate civil rights action.

In this case, it would not further the interests of justice to construe Petitioner's Petition as a civil rights action because allowing Petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to Petitions for Writ of Habeas Corpus instead of the $402.00 filing fee applicable to civil actions would allow Petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, the Petition should be dismissed without prejudice to Petitioner's ability to pursue such claims by filing a separate civil action.

## Recommendation

The above-styled Petition for Writ of Habeas Corpus should be dismissed without prejudice.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's Report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

   **SIGNED this the 22nd day of September, 2022.**

            *[signature]*
            _____
            Christine L Stetson
            UNITED STATES MAGISTRATE JUDGE